# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| BRENT MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:16-cv-00122-SLC |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, *sued as Nancy A.* | ) |
| *Berryhill, Acting Commissioner of* | ) |
| *Social Security*, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff Brent Miller's petition to recover attorney fees in the amount of $10,773.00 and $420.67 in costs and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, together with supporting documents.[1] (DE 23; DE 24; DE 27). Defendant Commissioner of Social Security ("Commissioner") opposes the amount of Miller's fee request, arguing that: (1) the 56.7 hours billed by Miller's counsel in the district court litigation were not reasonably expended; and (2) counsel should have calculated their hourly rates using the cost of living adjustment for the geographic region where the case was litigated, rather than the national rate. (DE 25). Miller timely filed a reply brief (DE 27), and thus the motion is ripe for ruling.

For the following reasons, Miller's motion for EAJA fees will be GRANTED.

---

[1] Miller's motion sought $10,773.00 for 56.7 hours of attorney time. Miller has since incurred an additional 3.6 hours in preparing his reply brief to the instant motion (DE 27 at 15), an amount which the Commissioner does not challenge. Therefore, Miller's requested EAJA fee award has now increased to $11,457.00 for 60.3 hours of attorney time.

## A. Applicable Legal Standard

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). Here, the Commissioner does not raise a substantial justification argument in response to Miller's fee request. Rather, the Commissioner challenges the number of hours expended by Miller's counsel in this litigation and the cost of living index used by counsel when calculating their hourly rate. The Court will address each of these arguments, in turn.

## B. The Number of Attorney Hours Billed

Miller, as the fee applicant, bears the burden of proving that the EAJA fees sought are reasonable. *See* 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Factors the Court should consider in evaluating the reasonableness of a fee request are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.

"Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (citation omitted). "As a result, the

prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Davenport v. Astrue*, No. 2:07-CV-0064-PRC, 2008 WL 2691115, at *7 (N.D. Ind. July 3, 2008) (citing *Hensley*, 461 U.S. at 434). "The amount of a fee award is left to the discretion of the district court because of its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Id*. (quoting *Hensley*, 461 U.S. at 437).

The Commissioner argues that Miller fails to meet his burden of showing that the 56.7 hours billed by his attorneys were reasonably expended. (DE 25 at 1-5). The Commissioner contends that the hours were excessive given that: (1) the five arguments that Miller advanced in his appeal were not complex or novel legal issues, but rather, were issues commonly litigated in Social Security cases; and (2) the administrative record in this case was only 455 pages. More particularly, the Commissioner claims that the 6.8 hours that Miller's counsel spent revising his opening brief is excessive given his counsel's extensive experience litigating Social Security matters and the routine arguments advanced in the brief, which should reasonably translate to efficiencies in presenting arguments to the Court. (DE 25 at 4). The Commissioner further asserts that the 15 hours Miller's counsel spent drafting his reply brief is excessive, given that the reply brief "followed the basic outline, argumentation, and legal authority from the opening brief." (DE 25 at 4). As such, the Commissioner contends that Miller's 56.7 hours should be reduced by 10 hours, to a total of 46.7 hours.

The Commissioner's arguments, however, are not persuasive. "To begin with, a 400-page administrative record is not short." *Monk v. Colvin*, No. 2:15-cv-233, 2016 WL 4445659, at *2 (N.D. Ind. Aug. 23, 2016) (citations omitted). And even if some portions of the

3

administrative record were less relevant to the appeal than others, "[Miller's] attorneys had to sift through everything to separate the wheat from the chaff." *Id*. Furthermore, this is *not* a case where Miller's counsel also represented him at the administrative level (DE 27 at 8); thus, counsel had to review the administrative record for the first time during the district court litigation. *See Seefeldt v. Colvin*, No. 14-CV-320, 2016 WL 5793683, at *1 (E.D. Wis. Sept. 30, 2016) ("[C]ounsel did not represent [the claimant] at the administrative level and therefore had to familiarize herself with the record.").

Moreover, although the Commissioner argues that the issues raised in this case were routine, and thus, that counsel could have reviewed the record and drafted the opening and reply briefs in less time, the Commissioner "has identified nothing in the [opening] brief that could have been eliminated[.]" *Monk*, 2016 WL 4445659, at *2; *see Staley v. Berryhill*, No. 4:15-cv-00178-TAB-RLY, 2017 WL 2181151, at *1 (S.D. Ind. May 18, 2017) ("[T]he Commissioner fails to identify any factual or procedural background that Staley should have omitted." (citation omitted)). In fact, "most social security cases do not present particularly complex legal issues[.]" *Monk*, 2016 WL 4445659, at *2 (citation omitted). "[B]ut that does not mean that providing a thorough exegesis of the record, pointing out various pieces of evidence that the administrative law judge overlooked or misrepresented, and explaining why those oversights are material to the outcome does not take time." *Id.* (citation omitted).

Furthermore, courts within the Seventh Circuit have found that a reasonable number of hours for work on a social security appeal ranges from 40 hours to 60 hours, *see Kinsey-McHenry v. Colvin*, No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (collecting cases), and this case falls within that range. While 41.7 hours is on the high side for

4

reviewing the record and preparing and revising the opening brief in a case with a 455-page transcript, it is not patently unreasonable, as Miller did advance five arguments even if they were fairly routine. *See, e.g.*, *Koelling v. Colvin*, No. 2:15-cv-233, 2016 WL 1161338, at *2 (N.D. Ill. Mar. 24, 2016) (finding that 43 hours spent reviewing a 660-page record and drafting an opening brief presenting four arguments was not unreasonable); *Monk*, 2016 WL 4445659, at *2 (finding 37.6 hours spent reviewing the record and drafting the opening brief "on par with the time that other courts in this circuit have found reasonably expended during the initial stage of a social security appeal" (citations omitted)). Nor does spending 15 hours on a reply brief exceed the acceptable range of hours. *See, e.g.*, *Groskreutz v. Barnhart*, No. 02-C-454-C, 2005 WL 567814, at *2 (W.D. Wis. Feb. 28, 2005) (while spending nearly 20 hours on a 10-page reply brief was on the high side, it was not unreasonable); *Garcia v. Colvin*, No. 1:11-CV-00165, 2013 WL 1343662, at *4 (N.D. Ind. Apr. 3, 2013) (expending 23 hours on a 15-page reply brief was not "patently unreasonable"); *Copeland v. Astrue*, No. 2:11-cv-363, 2012 WL 4959482, at *1-2 (N.D. Ind. Oct. 17, 2012) (finding it reasonable to spend 15 hours drafting and researching a reply brief).

In sum, the Court finds the 56.7 hours of attorney time billed in this case to be within the range that courts in this Circuit consider reasonable. *See, e.g.*, *Spaulding v. Astrue*, No. 08 C 2009, 2011 WL 1042580, at *3 (N.D. Ill. Mar. 22, 2011) (collecting cases and finding that 56.4 hours of attorney time "is within the permissible range of social security cases, namely, 40 to 60 hours"). Therefore, the Court will not arbitrarily reduce the number of attorney hours sought by Miller. *See Monk*, 2016 WL 4445659, at *2 (concluding that on the circumstances presented, any reduction in time would be "arbitrary" and "beyond [the court's] authority" (citation

omitted)).

### *C. The Hourly Rate Billed by Miller's Attorneys*

The Commissioner also argues that the enhanced hourly rate of $190 that Miller's attorneys seek is not warranted. Miller explains that the $190 per hour is a "slightly reduced amount" from the national average of the Consumer Price Index ("CPI"), which is $192.68 per hour. (DE 24 at 6). But the Commissioner counters that the attorneys should have calculated their enhanced hourly rates using the cost of living increase for the midwest CPI, which is $186.32 per hour, thereby measuring the increase in cost of living on a regional, rather than a national, basis. This would reduce the attorneys' requested hourly rate by $3.68, that is, from $190.00 to $186.32. (DE 25 at 9).

While it is clear that "[c]ourts should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed," *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (citation and footnote omitted), the Commissioner does not point to any Seventh Circuit precedent stating that courts should use the midwest CPI, rather than the national CPI, to calculate this inflation-adjusted rate. Rather, district courts within the Seventh Circuit "have used both regional and [the national index], without a clear preference for either." *Rodriguez v. Colvin*, No. 11 C 5637, 2013 WL 5221335, at *3 (N.D. Ill. Sept. 16, 2013) (collecting cases). In *Sprinkle*, the Seventh Circuit declined to resolve the split in the circuit concerning the use of the two indexes, "leav[ing] it to the discretion of the district courts whether to adopt the national or regional index in specific cases." 777 F.3d at 428 n.2.

"Regardless of whether the national CPI or the regional CPI is used, the claimant 'must produce evidence that the rate they request is in line with those prevailing in the community for

6

similar services by lawyers of comparable skill and experience.'" *Monk*, 2016 WL 4445659, at *3 (quoting *Sprinkle*, 777 F.3d at 428-29). Here, Miller submitted an affidavit from another attorney, Andrew P. Sheff, who represents claimants in social security appeals or comparable cases, setting forth that attorney's hourly rates. (DE 23-5). This evidence supports Miller's motion for fees at the hourly rate requested. Furthermore, the hourly rate that Miller seeks is comparable to the hourly rates approved by other judges in this district. *See Monk*, 2016 WL 4445659, at *3 (awarding an hourly rate of $190); *Ruiz v. Colvin*, No. 2:14-cv-69, 2016 WL 2908287, at *2 (N.D. Ind. May 18, 2016) (awarding an hourly rate of $191.25).

Consequently, considering the lack of clarity in the case law about the appropriate CPI to use, and because the requested rates are consistent with enhanced hourly rates previously awarded by judges in this district, the hourly rate requested by Miller, which was calculated using a slightly-reduced rate from the national CPI, will be approved.

### D. Payment of the EAJA Fee Award

As an additional matter, Miller argues that the EAJA fee award should not be subject to offset for any pre-existing debt that he may owe to the Government, and that the award should be directly paid to his counsel within 70 days pursuant to the Assignment of Equal Access to Justice Act Fee Award to the De La Torre Law Office LLC, executed by Miller and his attorneys on March 16, 2016 (the "Assignment"). (DE 23-6). Miller makes various arguments in support of his request, including that while *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010), dictates that *judgments* for EAJA fees must be rendered to litigants, it does not forbid courts from directing *payment* of a litigant's EAJA judgment to his counsel pursuant to a valid assignment of such EAJA fees. (DE 24 at 10-11; DE 27 at 10-15).

The Court is not persuaded by Miller's attempted parsing of the language in *Ratliff*, as courts in this Circuit have repeatedly interpreted *Ratliff* as requiring that EAJA fee awards belong to the litigants, and not the attorneys, and that such fee awards are subject to offset to satisfy any pre-existing debt that the litigant may owe to the Government. *See, e.g.*, *Williams v. Colvin*, No. 16-CV-586-JPS, 2017 WL 384335, at *1 (E.D. Wis. Jan. 25, 2017); *Misener v. Colvin*, No. 1:12-CV-036 JD, 2013 WL 6062709, at *7 (N.D. Ind. Nov. 18, 2013); *Walton v. Colvin*, No. 1:12-cv-688-JMS-TAB, 2013 WL 1438103, at *4 (S.D. Ind. Apr. 9, 2013); *Mireles v. Astrue*, No. 10 C 6947, 2012 WL 4853065, at *5-6 (N.D. Ill. Oct. 11, 2012).

Moreover, in *Matthews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011), *overruled on other grounds by* 777 F.3d 421 (7th Cir. 2011), the Seventh Circuit, in *dicta*, read *Ratliff* to suggest "that if there is an assignment, the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer." Here, the Commissioner states that if she can verify that Miller owes no pre-existing debt to the Government subject to offset, then she will make the award payable to Miller's counsel. (DE 25 at 9-10). The Commissioner's proffered approach, which this Court has repeatedly employed in past cases, is in line with *Matthew-Sheets* in that this case could be one where "the plaintiff has debts that may be prior to what [he] owes [his] lawyer."[2] 653 F.3d at 565; *see also Wickens v. Shell Oil Co.*, 620 F.3d 747, 752 (7th Cir. 2010) (citing *Ratliff* for its "holding that an award of fees under the [EAJA] is payable to the litigant, not to the attorney, and thus is available to offset a debt to the government"). Furthermore, this repeatedly-

---

[2] The Commissioner explains that until the Court enters the amount of the EAJA fee award, it is impractical to check with the Treasury Department as to whether Miller owes any pre-existing debt to the Government, as the Treasury Department's information can change on a daily basis. (DE 25 at 9-10).

8

employed approach to payment of EAJA fee awards was recently upheld by the Seventh Circuit Court of Appeals. *See Harrington v. Berryhill*, — F.3d —, 2018 WL 4906108 (7th Cir. Oct. 10, 2018).

As such, the Court will order the same in this case. Therefore, provided that the Commissioner can verify that Miller does not owe any pre-existing debt to the Government subject to offset, then the EAJA fee award is to be paid directly to Miller's attorneys pursuant to the Assignment between Miller and his counsel. The Court expects the Commissioner's attorney to act with reasonable diligence to complete these responsibilities in a timely manner.[3]

### *E. Conclusion*

For the foregoing reasons, the Court GRANTS Miller's petition for attorney fees under the EAJA (DE 23) in so far as the Commissioner shall pay an award of $11,457.00 in attorney fees and $460.27 in costs and expenses to Miller. If counsel for the Commissioner can verify that Miller does not owe any pre-existing debt to the Government subject to offset, the Commissioner shall direct that the award be made payable directly to Miller's attorneys pursuant to the Assignment between Miller and his attorneys (DE 23-6).

SO ORDERED.

Entered this 1st day of November 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[3] Miller requests that the EAJA award be paid by the Commissioner within 70 days. However, rather than assign this arbitrary deadline, the Court expects the Commissioner's counsel to act with reasonable diligence in verifying whether Miller has any debt subject to offset and in directing any remaining payment to Miller. If these tasks can reasonably be accomplished within 70 days, then the Commissioner's counsel should do so.