UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRENT MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:16-cv-00122-SLC |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| sued as Kilolo Kijakazi, Acting Commissioner | ) |
| of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Brent Miller brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On May 22, 2018, the Court entered an Opinion and Order, reversing the Commissioner's denial of benefits and remanding the case for further proceedings. (ECF 19).

Miller's attorney, Adriana M. de la Torre ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $18,641.25 for Counsel's representation of Miller in federal court. (ECF 30, 31). The Commissioner filed a response to the motion indicating that she does not oppose Counsel's fee request, except with respect to certain language that Counsel asks be included in the order granting the motion. (ECF 35). Counsel timely filed a reply brief (ECF 36), and the motion is ripe for ruling. For the following reasons, the motion for attorney fees will be GRANTED, less an offset as explained herein.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security, *see, e.g.*, *Butler v. Kijakazi*, 4 F.4th 498 (7th Cir. 2021), and thus, she is automatically substituted for Nancy A. Berryhill in this case, *see* Fed. R. Civ. P. 25(d).

*A. Factual and Procedural Background*

On March 16, 2016, Counsel entered into a Social Security Disability Application Fee Agreement (the "Fee Agreement") with Miller for her representation of Miller in federal court, in which Miller agreed to pay Counsel 25% of any past-due benefits awarded to him and his dependents.[2] (ECF 30-2). On April 11, 2016, Miller filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits. (ECF 1). On May 22, 2018, the Court entered a judgment in Miller's favor and remanded the case to the Commissioner for further proceedings. (ECF 19, 20).

On August 8, 2018, Miller filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $10,773 in attorney fees, plus $420.67 in costs, seeking payment for the 56.7 hours of attorney time spent advocating his claim in federal court. (ECF 23, 23-2). The Commissioner opposed the motion in part. (ECF 25). On November 1, 2018, the Court granted Miller's motion—as supplemented by the additional hours Miller incurred in briefing the EAJA fees dispute—and authorized an EAJA fee award in the amount of $11,457 in attorney fees, plus $460.27 in costs and expenses payable to Miller. (ECF 28).

On remand, the Commissioner awarded disability benefits to Miller. (*See* ECF 30-1; ECF 31 ¶ 4). On November 14, 2022, the Commissioner sent a letter to Counsel informing her that the Commissioner was withholding $12,641.25, "which represents the balance of 25 percent of the past-due benefits for Mr. Miller." (ECF 30-1 at 1; *see also* ECF 31 at 2 n.2). The letter further explained that the Commissioner had already paid $6,000 in fees to Miller's representative at the

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

administrative level.³ (ECF 30-1 at 1).

On November 29, 2022, Counsel filed the instant motion pursuant to § 406(b), together with supporting documents, seeking the Court's authorization of $18,641.25 in attorney fees, less a setoff for the EAJA fees already received. (*See* ECF 30, 31). As stated earlier, the motion is now ripe for ruling. (ECF 35, 36).

### *B. Legal Standard*

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in federal court. *Id*. Unlike fees obtained under the EAJA,⁴ the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Id.* at 794-95; 20 C.F.R. § 404.1725(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."⁵ 42

---

³ Counsel states that Miller was represented at the administrative level by Dr. George Merkle, a non-attorney representative not affiliated with Counsel's firm. (ECF 37).

⁴ The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

⁵ "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. This 25% cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.* at 796-97.

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>     Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

### C. Analysis

The Court is charged with determining whether Counsel's requested fee of $18,641.25 under the Fee Agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). Here, the Commissioner agrees that the requested fee does not exceed 25% of Miller's past-due benefits. (ECF 35 at 1).

Counsel contends that her requested fee award of $18,641.25 is reasonable for the 56.7

attorney hours spent representing Miller in federal court. (ECF 31 ¶ 11). It is obvious that Counsel obtained a good result for Miller, as the Commissioner ultimately found him disabled and awarded him disability benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved). Nor did Counsel contribute to any significant delay of this case in doing so, as she requested just one thirty-day extension during the briefing process. (ECF 13); *see Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits); *Lopes v. Saul*, No. 3:17-CV-221-RLM-MGG, 2019 WL 5617044, at *1 (N.D. Ind. Oct. 31, 2019) (considering that "[n]othing in the record suggests [the plaintiff's counsel] or his co-counsel . . . caused any delay in the adjudication of [the plaintiff's] case" when granting a motion for § 406(b) fees).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)).

Further, Counsel's requested fee of $18,641.25 divided by the 56.7 hours she spent on the case in federal court equates to an effective rate of approximately $329 per hour. (*See* ECF 31 ¶

5

11). This effective rate is well below those in some previous awards approved by this Court. *See, e.g.*, *Kaczmarek v. Comm'r of Soc. Sec.*, No. 1:17-cv-00356, 2020 WL 5525498, at *3 (N.D. Ind. Sept. 15, 2020) (awarding fee equating to $704 per hour); *Pence v. Saul,* No. 1:17-cv-00090-SLC, 2020 WL 1673031, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $554 per hour); *Clore v. Saul*, No. 1:17-cv-00026-SLC, 2020 WL 1673030, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $550 per hour).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $18,641.25, less an offset of $11,457 in EAJA fees previously received by Counsel, reducing the § 406(b) fee award to $7,184.25.[6] *See Gisbrecht*, 535 U.S. at 796.

### D. Conclusion

For the foregoing reasons, Counsel's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF 30) is GRANTED in the amount of $18,641.25, less an offset of

---

[6] As a final matter, the Commissioner objects to Counsel's request that the Court order the Commissioner to "remit direct payment" of the $7,184.25 to Counsel and the remaining withheld amount of past-due benefits to Miller. (ECF 31 at 3; ECF 35 at 2-4). The Commissioner states that "[a]gency regulations and policy specifically set forth under what circumstances the agency withholds past-due benefits, releases them, and pays any court-authorized § 406(b) awards." (ECF 35 at 3 (citing 20 § 404.1730(a); Program Operations Manual System (POMS) GN 03920.050, 03920.060) (footnote omitted)). She explains that withheld past-due benefits "is a single pool, from which the Commissioner may directly pay attorney's fees for both agency representation—§ 406(a) awards—and court representation—§ 406(b) awards," and that "authorized fee awards are paid out in the order received." (*Id.* (citations omitted)). Consequently, "the amount available for direct payment under § 406(b) is subject to change." (*Id.*). The Commissioner adds that withheld past-due benefits "may also be diverted to recover any of the claimant's outstanding overpayments." (*Id.* at 3-4 (citation omitted)). Accordingly, the Commissioner emphasizes that "the agency's policy is to release any excess past-due benefits withheld to the claimant once the fee awards and overpayments have been satisfied." (*Id.* at 4 (citation omitted)). In reply, Counsel contends that it is "standard practice" for the Court to order the Commissioner to pay counsel the § 406(b) award (ECF 36 ¶ 8 (collecting cases)), and that in any event, the Commissioner's opposition to "remit direct payment" is immaterial in this instance, given that there is no other attorney who has a claim to the fee award and there is no evidence that Miller owes any outstanding overpayments (ECF 36 ¶¶ 5-7). Having duly considered these arguments, given Counsel's representation that there is no other attorney who has a claim to the fee award and that Miller owes no outstanding overpayment, the Court presumes then that the Commissioner will pay out the remaining past-due benefits to Counsel and Miller in a timely manner in accordance with the Commissioner's applicable policies and procedures. Therefore, the Court finds it unnecessary to include Counsel's requested language of "remit direct payment" in this Opinion and Order.

$11,457 in EAJA fees previously received by Counsel, reducing the net § 406(b) fee award to $7,184.25. In accordance with the Commissioner's applicable policies, the Commissioner shall disburse this fee of $7,184.25 to Counsel from Miller's withheld past-due benefits, and release any remaining withheld past-due benefits to Miller.

    SO ORDERED.

    Entered this 27th day of February 2023.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge